Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jill A. Wood, State Bar No. 219395
E-Mail: jwood@hurrellcantrall.com
Maria Tuason, State Bar No. 256397
E-Mail: mtuason@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant, COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAIME A. MORENO, as personal representative of the Estate of JAMES JOE MORENO and A. M., a minor, by and through his guardian ad litem ROSA OJEDA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; DOES 1-100,<br><br>Defendants. | CASE NO. CV13-07570-CAS (MANx)<br><br>**PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION PRODUCED DURING DISCOVERY** |

## INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' (Proposed) Protective Order Governing Disclosure Of Confidential Information Produced During Discovery ("Proposed Order") filed on March 18, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been

1. substantively modified by the Court's amendment of paragraphs 1, 8(c), 9, 10, 14, and 17 of the Proposed Order.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If

documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. The information contained in the information and/or documents the parties may disclose and/or produce pursuant to FRCP 26 and during the course of discovery, contains private and confidential information.

2. Defendant COUNTY OF LOS ANGELES ("County" or "defendant") will produce documents and information as required by the Initial Disclosures and **as** responsive **to** discovery requests, but only under the strict circumstances and limitations of this Protective Order **pursuant to which** said documents and information are **to be** kept confidential and private and with assurances that said documents and information shall not be produced, copied, or disseminated to any person or entity unless authorized by this Protective Order **or pursuant to further Court order**.

3. **GOOD CAUSE STATEMENT:** Good cause exists for entry of this

---

[1] The Court's modifications of agreed terms of the Protective Order are generally indicated in bold typeface.

**Protective** Order.  **D**efendant may produce, among other things, third party private and confidential information, investigation files – including, but not limited to, incident reports, witness statements, policies and procedures, and any official information documents produced to plaintiffs during the course of discovery in this litigation and any subsequent reproduction thereof, as well as private information of County employees.  Disclosure of such information would be invasive of the privacy of third parties and County personnel **and** could pose a serious risk to their personal safety and well-being.  Additionally, these materials include sensitive law enforcement information.  Limiting disclosure of these documents to the context of this litigation as provided herein will, accordingly, further important law-enforcement objectives and interests, including **the** safety of personnel and the public.

4. Plaintiffs and defendant believe in good faith that the documents identified in ¶3 constitute or embody confidential information, and/or other materials that are entitled to privileges and/or protections against discovery or disclosure by:  the United States Constitution, First Amendment; the California Constitution, Article I, Section 1; California *Penal Code* sections 832.5, 832.7, and 832.8; California *Evidence Code* sections 1040 and 1043 et. seq; the Official Information Privilege; the Privacy Act of 1974,  5 U.S.C. § 552a; the right to privacy; and decisional law relating to such provisions.  **Such information and materials -- which** are not general**ly** known and would not voluntarily **be** reveal**ed** to third parties **-- are** entitled to heightened protection from disclosure, **and, therefore,** are to be designated as "confidential material."

5. Confidential material shall be used solely in connection with the preparation and trial of the within case, *Jaime A. Moreno, et al. v. County of Los Angeles,* Case No. CV13-07570-CAS (MANx), or any related appellate proceeding and not for any other purpose, including any other litigation.

6. Material designated as "confidential material" under this Protective

-4-

1  Order, as well as the information contained therein, and any summaries, copies,
2  abstracts, or other documents derived in whole or in part from material designated as
3  confidential (hereinafter "confidential material" or "confidential information") shall
4  be used solely for the purpose of litigating this action, and for no other action or
5  purpose.
6       7.   Confidential material may not be disclosed except as provided in
7  paragraph 8.
8       8.   Confidential material may be disclosed only to the following persons:
9            (a)   Counsel for any party, and any party to this litigation;
10           (b)   Paralegal, stenographic, clerical, and secretarial personnel
11 regularly employed by counsel referred to in (a);
12           (c)   **the** Court **and its** personnel (including stenographic reporters
13 engaged in such proceedings as are necessarily incidental to preparation for the trial
14 of this action);
15           (d)   Any outside expert or consultant retained in connection with this
16 action, and not otherwise employed by either party; and
17           (e)   Any "in-house" expert designated by either party to testify at
18 trial in this matter.
19           Nothing in paragraph 7 is intended to prevent officials or employees of
20 the County or other authorized government officials from having access to the
21 documents if they would have had access in their normal course of their job duties.
22      9.   Each person to whom disclosure is made, with the exception of **the**
23 **Court and its personnel and** those identified in paragraph 8 who are presumed to
24 know the contents of the **P**rotective **O**rder, shall, prior to the time of disclosure, be
25 provided a copy of this **P**rotective **O**rder by the person furnishing him/her such
26 material, and shall agree on the record or in writing, that he/she has read the
27 **P**rotective **O**rder, and that he/she understands the provisions of the **P**rotective
28 **O**rder.  Such person must also consent in writing to be subject to the jurisdiction of

-5-

this **United States District Court** for the Central District of California, with respect to any proceedings relating to enforcement of this **Protective Order**, including, without limitation, any proceedings for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation. (See, Appendix "A").

10. Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions), defendants shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

11. Confidential material must be stored and maintained by counsel for the parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Confidential material shall be clearly marked by counsel for the parties and maintained by counsel for the parties with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner:

CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NO. CV13-07570-CAS (MANx)

12. Each person to whom disclosure is made shall not duplicate any confidential information except for working copies and for filing with the Court.

13. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

14. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to

the time of trial, said information and/or documents shall be lodged under seal in compliance with Central District Local Rule 79-5.1 **and the provisions of this Protective Order.**

15. In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

16. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this **Protective O**rder shall be destroyed or, if appropriate, returned to the respective defendant and confirm such actions in writing to that defendant.

17. If plaintiff is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," **plaintiff** must so notify the relevant defendant, in writing (by fax, if possible), immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. **Nothing in this Protective Order shall be construed as authorizing a party in this action to disobey a lawful directive from another court.**

18. If plaintiffs learn that, by inadvertence or otherwise, they have disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, plaintiffs must immediately**:** (a) notify the relevant defendant in writing of the unauthorized disclosures**;** (b) use their best efforts to retrieve all copies of the confidential material**;** (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this **Protective** Order**;** and (d) request such person or persons to execute the Confidentiality Agreement ("Appendix "A").

19. Nothing in this Protective Order shall be construed in any way to

control the use, dissemination, publication, or disposition of confidential information by the party who designated it confidential. Nothing in this Protective Order shall be construed as a waiver of any privilege (including work product) that may be applicable to any document or information. Further, by **having** stipulat**ed** to the entry of this Protective Order, **the** parties do not waive any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, parties do not waive any right to object on any ground for use as evidence of any of the material covered by this Protective Order.

20. Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

21. The Court shall have jurisdiction over the parties, their counsel**,** and all persons to whom confidential information has been disclosed for the purpose of enforcing terms of this Protective Order, redressing any violation thereof, and amending or modifying the terms as the Court may deem appropriate.

22. The foregoing is without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents; and

(c) To apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of

confidential material beyond the terms of this **Protective O**rder.

23. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**IT IS SO ORDERED.**

Dated: April 4, 2014

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

-9-

# APPENDIX "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read and understand the Protective Order of the United States District Court, Central District entered on the 4th day of April, 2014, in the matter of *Jaime A. Moreno, et al. v. County of Los Angeles* Case No. CV13-07570-CAS (MANx) . A copy of the Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement").  I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Protective Order and hereby agree not to use or disclose the confidential information or material (as defined by the Protective Order) disclosed to me, except for purposes of this litigation as required by the Protective Order.  I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Protective Order, and I further agree that in the event I fail to abide by the terms of the Protective Order, or if I disclose or make use of any confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.

///
///
///
///
///
///
///
///

1     I further agree to submit to the jurisdiction of the United States District Court,
2 Central District for the purpose of enforcing the terms of this Protective Order, even
3 if such enforcement proceedings occur after termination of this action.
4 Dated:

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City            State           Zip

_____
Occupation or Business

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000