UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| Bernadette Brouses<br>Timothy Hughes | Thomas Hurrell<br>Diana Martinez<br>Lisa An | |

**Proceedings:** PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE REGARDING DECEDENT'S ALLEGED GANG AFFILIATIONS (dkt. 70, filed August 10, 2015)

DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE INMATE EYE WITNESS TESTIMONY (dkt. 66, filed August 10, 2015)

DEFENDANT'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE IMPROPER MEDICAL OPINION AND CAUSATION TESTIMONY BY LAY WITNESSES (dkt. 67, filed August 10, 2015)

DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE EVIDENCE OF UNRELATED CLAIMS OR LAWSUITS AGAINST DEFENDANT (dkt. 68, filed August 10, 2015)

DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE TESTIMONY THAT DEPUTIES JOHN GAUDINO, CHRISTOPHER RAYA, AND TIMOTHY LOVITT PERSONALLY WITNESSED THE SUBJECT ASSAULT ON DECEDENT (dkt. 69, filed August 10, 2015)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

## I.  INTRODUCTION & BACKGROUND

This action arises from the death of James Joe Moreno ("decedent") while in the custody of the Los Angeles County Sheriff's Department ("LACSD"). In brief, plaintiffs allege that decedent's constitutional rights were violated by unnamed deputies within the LACSD when decedent was assaulted and fatally injured by other inmates while incarcerated at the North County Correctional Facility ("NCCF") on August 27, 2012.

On August 1, 2013, plaintiffs Jaime A. Moreno ("Moreno"), as the successor in interest and personal representative of decedent's estate, and A.M. ("minor plaintiff"), a minor, by and through his mother and guardian ad litem Rosa Ojedo, filed suit in Los Angeles County Superior Court against defendants County of Los Angeles and Does 1-100 (collectively, "the County"). Dkt. 1. Prior to commencing this action, plaintiffs presented their claims to the County of Los Angeles pursuant to California Government Code Section 910, et seq. Id. The County rejected plaintiffs' claims on February 13, 2013, providing plaintiffs with notice that they had six months to file a legal action. Id.

The County removed the action to this Court on October 11, 2013. Id. Pursuant to a stipulation by the parties, plaintiffs filed the operative First Amended Complaint ("FAC") on December 16, 2013. Dkt. 19. The FAC asserts three claims against defendants: (1) placement of decedent among the general inmate population in violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983, and also in violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act"); (2) failure to provide adequate medical care to decedent in violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983, and also in violation of the Bane Act, Cal. Civ. Code § 52.1; and (3) use of excessive force against decedent in violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983.[1]

On July 30, 2014, inmate Arturo Gonzalez was charged with decedent's murder. On April 24, 2015, and April 27, 2015, a preliminary hearing in the state criminal

---

[1] Plaintiffs originally asserted claims for violation of Cal. Civil Code §§ 52.7 and 53. However, plaintiffs ultimately agreed that reference to these provisions in the FAC was made in error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

prosecution of Arturo Gonzalez ("Gonzalez preliminary hearing") was held. In connection with the instant action, plaintiffs have at times relied upon evidence consisting of inmate testimony proffered during the Gonzalez preliminary hearing. According to plaintiffs, the state criminal trial of inmate Gonzalez for decedent's murder is scheduled to occur "in the next few weeks," on or around August 30, 2015. Opp'n Def.'s Mot. Lim No. 1, at 3.[2]

By order dated August 3, 2015, this Court granted summary judgment for defendants on plaintiffs' section 1983 claim for use of excessive force, as well as on plaintiffs' claims for violation of the Unruh Civil Rights Act and the Bane Act. The Court denied summary judgment to defendants on plaintiffs' section 1983 claims for placement of decedent among the general inmate population, in violation of the Eighth Amendment; and (2) failure to provide adequate medical care to decedent, in violation of the Eighth Amendment. See dkt. 64.

Trial in this matter is currently scheduled to commence on September 15, 2015. On August 10, 2015, defendant County of Los Angeles filed four motions in limine, dkts. 66, 67, 68, 69, and plaintiffs filed one motion in limine, dkt. 70, on the same date. On August 17, 2015, plaintiffs filed oppositions to the County's motions, dkts. 79, 80, 81, 82, and the County filed an opposition to plaintiffs' motion, dkt. 74, on the same date. The Court held a hearing on August 24, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[2] Plaintiffs' Witness List, filed on August 17, 2015, includes as its final entry, "Other inmates that may testify at the criminal trial of Arturo Gonzalez currently scheduled for on or about August 30, 2015." See dkt. 88. Plaintiffs' Exhibit List, dkt. 76, includes, "Reporter's Transcripts of Criminal Trial, date(s) to be determined, in *People v. Arturo Gonzalez*." Dkt. 76.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

## II. DISCUSSION

### A. Plaintiffs' Motion *in Limine* No. 1 to Exclude Evidence Regarding Decedent's Alleged Gang Affiliations

Pursuant to Federal Rules of Evidence 401, 402, and 403, plaintiffs seek to exclude all evidence of decedent's alleged gang affiliation. Pls.' Mot. Lim. No. 1, at 1. Plaintiffs anticipate that the County will introduce evidence of decedent's alleged gang affiliation "in order to inappropriately sway the jury." Id. at 2. Accordingly, plaintiffs argue such evidence is irrelevant, unduly prejudicial, and therefore must be excluded. Id. at 1.

The County contends that decedent's alleged gang affiliation is relevant because an inmate's gang affiliation is among the factors considered in determining an inmate's classification, which, in turn, determines where and with whom the inmate is housed in the detention facility. Opp'n Pls. Mot. Lim. No. 1, at 2. Specifically, the County argues that upon decedent's intake at the correctional facility, a deputy interviewed decedent and asked, inter alia, whether his current offense was an assaultive felony; whether he had any past or present behavioral problems; whether he had prior assaultive felony convictions; and whether he had any probation, parole, or gang history. Id. at 3. According to the County, decedent indicated that he was in a gang and was on probation. Id. Based upon the assessment, as well as information obtained from the LACSD's computer system, the interviewing deputy classified decedent as "7 High Medium." Id. at 4. This classification contributed to decedent's placement within the general inmate population.[3]

The County asserts that evidence regarding decedent's alleged gang affiliation is not unduly prejudicial under Rule 403. The Court disagrees. The key question to be tried in this case is whether the County had sufficient knowledge of decedent's mental

---

[3] The County also argues that decedent's "gang affiliation is not an allegation or based on speculation," but verifiable from various evidentiary sources. Opp'n Pls.'s Mot. Lim. No. 1. This argument does not speak to relevance or unfair prejudice, the key issues that are determinative of the admissibility of the particular evidence at issue in the instant motion. Accordingly, the Court need not address it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

disabilities and therefore should have housed him in a more protective environment. While decedent's alleged gang affiliation may have contributed to the County's assessment and therefore is relevant, under Rule 401, to determining the propriety of the County's assessment, there is fairly little probative value in disclosing decedent's alleged gang affiliation at trial.[4] Indeed, the probative value of decedent's alleged gang affiliation is marginal and is substantially outweighed by the risk that the jury will draw impermissible character inferences. See Galindo v. Tassio, No. C13-00105, 2014 U.S. Dist. LEXIS 84396, at *4 (N.D. Cal. June 19, 2014) ("[The] probative value [of decedent's alleged gang affiliation] is marginal at best and is substantially outweighed by the risk that the jury draws impermissible character inferences, is misled from the more critical issues in the case, and attaches 'guilt by association' to [decedent]."). See also Kennedy v. Lockyer, 379 F.3d 1041, 1055 (9th Cir. 2004) ("Our cases make it clear that evidence relating to gang involvement will almost always be prejudicial and will constitute reversible error. . . . [T]he use of gang membership evidence to imply 'guilt by association' is impermissible and prejudicial."); Lopez v. Aitken, No. 07-CV-2028, 2011 WL 672798, at *2 (S.D. Cal. Feb. 18, 2011) (excluding gang affiliation evidence since its "probative value is marginal, at best.").

Despite the foregoing, however, at oral argument counsel for plaintiffs made clear that he had no objection to evidence that decedent's housing designation was informed by statements that decedent made during his intake interview—specifically, decedent's statements indicating that he was a member of a gang. Therefore, the Court **GRANTS** plaintiffs' motion to exclude evidence regarding decedent's alleged gang affiliation, with the exception of limited evidence indicating that decedent's housing designation was informed by decedent's interview statements indicating that he was a member of a gang.

---

[4] Furthermore, the Court notes that the question of whether the actual attack on decedent was motivated by his alleged gang affiliation is not relevant to plaintiffs' section 1983 claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

### B. Defendant's Motion *in Limine* No. 1 to Preclude Inmate Eye Witness Testimony

The County seeks an order "precluding plaintiffs from offering any testimony by inmates [including, but not limited to, Terrell Thomas, Mario Cano, Melvin Haynes, Wydell Jefferson, Johnny Elias, Dajion Vaughns, and Jose Guzman,] that they personally witnessed the August 17, 2012 assault on decedent." Def.'s Mot. Lim. No. 1, at 5; see also Def.'s Notice of Mot. Lim. No. 1, at 1. With respect to these particular inmates, the County argues that such testimony would be inadmissible because these inmates "all admitted" in testimony they delivered during the Gonzalez preliminary hearing "that they did not personally witness the subject assault." Def.'s Mot. Lim. No. 1, at 1. "Taken together," the County contends, "the inmates' testimony is disjointed, vague, inconsistent and wholly unreliable." Id. Of the seven inmates cited in the County's motion, plaintiffs' Witness List, filed on August 17, 2015, includes only Thomas, Cano, Haynes, and Vaughns. See dkt. 88. Accordingly, the Court's decision is limited to these inmates.

In seeking exclusion of certain evidence, the County argues that (1) the inmates lack personal knowledge (citing Fed. R. Evid. 602); (2) the testimony is not rationally based on their perception nor helpful to the trier of fact (citing Fed. R. Evid. 701); (3) the testimony amounts to hearsay not subject to any exception (citing Fed. R. Evid. 801, 802); and (4) the testimony is unfairly prejudicial (citing Fed. R. Evid. 403).

The County cites and summarizes previous testimony in which all eight inmates state that they did not actually see the incident, though all but one explained that they were near the site of the incident before, during, and/or shortly after it occurred. Specifically, the County summarizes the inmates' prior testimony as follows:

> Inmate Terrell Thomas was playing basketball on the same NCCF yard where decedent was assaulted, but he admitted that he did not witness the fight leading up to decedent's death. Thomas heard what happened during the assault from other inmates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

Inmate Mario Cano was incarcerated at Men's Central Jail and not present at NCCF on the day of the incident. He only learned of the incident through a "kite," a prison correspondence passed though inmates, while he was house at Twin Towers.

Inmate Melvin Hayes [sic] did not clearly see the altercation involving decedent and could barely remember what happened. His knowledge of the incident was based on what heard [sic], 'the talk of the jail.'

Inmate Wydell Jefferson was playing basketball on the same NCCF yard at the time of the incident but repeatedly testified that he did not see an incident or a fight take place there that day.

Inmate Johnny Elias was on the same NCCF yard doing bar exercises at the time of the incident but he did not see or hear a disturbance that day. He only noticed an inmate lying on the ground after the crowd yelled 'man down.'

Inmate Dajion Vaughns was playing basketball on the same NCCF yard at the time of the incident, but he did not see the altercation take place nor did he witness how decedent ended up on the ground.

Inmate Jose Guzman was playing handball on the same NCCF yard at the time of the incident, but he denied seeing an inmate get beaten up by other inmates that day nor does he recall seeing what happened to decedent.

Def.'s Mot. Lim. No. 1 at 2-3 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

Plaintiffs have failed to proffer the expected testimony of Thomas, Cano, Haynes, and Vaughns. As an initial matter, the Court finds it appropriate to require plaintiffs to proffer the expected testimony of these four inmates, all of whom appear on plaintiffs' Witness List. See dkt. 88. Unless such proffer is made, those witnesses will not be permitted to testify.

The County appears to be arguing that the inmates' prior testimony precludes the inmates from testifying at trial that they did, in fact, personally witness the August 17, 2012 assault on the decedent. The County has not offered any explanation as to why they anticipate inmates who previously denied personally witnessing the assault to later equivocate on that issue.[5] However, to the extent any such equivocation occurs during trial, this is an appropriate subject for cross examination. The mere possibility that any such disparity in testimony could arise is not grounds for precluding the testimony from being delivered in the first instance.

To the extent the County is seeking to exclude anticipated inmate testimony that may constitute hearsay—for example, inmate testimony regarding exactly what occurred during the assault, but based solely upon what an inmate heard from others—any such testimony will have to be examined at trial in its relevant context. Of course, the parties will have an opportunity at trial to object to any evidence thought to be inadmissible hearsay.

In light of the foregoing, the Court **DENIES** defendant's motion without prejudice to being renewed at trial.

### C. Defendant's Motion *in Limine* No. 2 to Preclude Improper Medical Opinion and Causation Testimony By Lay Witnesses

Pursuant to Federal Rules of Evidence 701 and 702, the County seeks to exclude "any testimony by lay witnesses pertaining to the medical condition and causation of

---

[5] In contrast, plaintiffs concede that to the extent any of the inmates have been released from the County's custody, they may now be more willing to testify truthfully, and should be permitted to do so. Opp'n to Def.'s Mot. Lim. No. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                'O'

| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

decedent['s] . . . fatal injuries." Def.'s Mot. Lim. No. 2, at 5. Plaintiffs argue that the County's motion is "overbroad" and "appears to seek an advisory opinion, and not a ruling on the admissibility of certain evidence[,]" because it fails to identify any specific witnesses and provides "no factual support . . . for the County's argument that lay witnesses have, or will, testify as argued." Opp'n to Def.'s Mot. Lim. No. 2., at 2.

The Court concludes that the County's request is overly broad and vague. See In re Homestore.com, Inc., 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (denying as "over-broad and vague, and therefore inappropriate for review at the motion *in limine* stage," motion to exclude wide category of evidence); Colton Crane Co. v. Terex Cranes Wilmington, Inc., 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.").

Accordingly, the Court **DENIES** defendants' motion without prejudice to making specific objections to medical opinion and causation testimony offered by plaintiffs at trial.

### D.   Defendant's Motion *in Limine* No. 3 to Preclude Evidence of Unrelated Claims or Lawsuits Against Defendant

Pursuant to Federal Rules of Evidence 401, 402, 403, 404(b), and 608(b), the County seeks to exclude any evidence, references to evidence, witness testimony, or contentions regarding any unrelated prior subsequent claims or lawsuits filed against the County. In seeking such exclusion, the County argues that (1) under Rule 404(b), evidence of prior or subsequent lawsuits or claims is inadmissable to show character or action in conformity therewith; (2) under Rule 608(b), extrinsic evidence of specific instances of conduct is inadmissible to attack credibility; (3) prior or subsequent lawsuits and claims against the County are not probative of truthfulness; and (4) prior or subsequent lawsuits and claims against the County are irrelevant under Rule 401 and prejudicial under Rule 403.

With respect to unrelated prior claims or lawsuits against the County, plaintiffs list the following three potential exhibits in the Joint Exhibit List, dkt. 76:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

1. Complaint filed on August 5, 2015, in <u>United States v. County of Los Angeles</u>. (Exhibit 48).

2. Joint Settlement Agreement and Stipulated Proposed Order filed on August 5, 2015, in <u>United States v. County of Los Angeles</u>. (Exhibit 49).

3. Indictment filed on May 13, 2015 in <u>United States v. Tanaka, et al.</u>. (Exhibit 50).

Joint Exhibit List, Nos. 48-50. None of these prior claims or suits is specifically addressed in the County's motion in limine, and only those relating to the August 5, 2015 action are specifically addressed in plaintiffs' opposition. With respect to the August 5, 2015 action, plaintiffs argue, <u>inter alia</u>, that the August 5, 2015 complaint and the parties' statements in their Joint Settlement Agreement regarding Los Angeles County jails "underscore Plaintiffs' allegations of the [Los Angeles County Sheriff's Department's] role in providing care and treatment to inmates or detainees like [decedent]," as well as "the lack of adequate care and attention to [decedent], which ultimately led to his untimely death." Opp'n to Def.'s Mot. Lim. No. 3, at 4. Plaintiffs further argue that the "U.S. DOJ's investigation of the County and [LACSD], and the parties' statement in their subsequent Settlement Agreement, will provide the trier of fact with information concerning the County's routine practices." <u>Id.</u>

     Where, as here, a section 1983 claim is asserted against a municipality, "proper analysis requires [a court] to separate two different issues . . . : (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." <u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 120 (1992). Thus, under <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, a local government may not be held liable, even where plaintiff has suffered a deprivation of a constitutionally protected interest, unless the alleged act is performed "in execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." 436 U.S. 658, 694 (1978).

     The Court concludes that the County's motion should be **GRANTED as to the first phase of the trial** because unrelated prior claims or lawsuits filed against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

County—and the evidence, witness testimony, and contentions contained therein— are not relevant to the question of whether decedent suffered a violation of his constitutional rights on August 27, 2012. However, in the event the trial proceeds to a Monell phase, certain evidence of prior unrelated lawsuits and claims may be admissible to elucidate the policies or practices, or the lack thereof, of defendant County of Los Angeles, and further demonstrate that such policies and practices resulted in a violation of the decedent's civil rights. The Court accordingly **RESERVES judgment** on the admissibility of such evidence in the Monell phase.

### E. Defendant's Motion *in Limine* No. 4 to Preclude Testimony that Deputies John Gaudino, Christopher Raya, and Timothy Lovitt Personally Witnessed The Subject Assault on Decedent

Pursuant to Federal Rules of Evidence 403, 602, and 701, the County seeks an order precluding plaintiffs from introducing any evidence or testimony (live or otherwise) that Deputies John Gaudino, Chistopher Raya, and Timothy Lovitt personally witnessed the subject altercation as it occurred. The County seeks such an exclusion on the grounds that any such testimony lacks foundation under Rules 602 and 701, and would be unduly prejudicial under Rule 403. More specifically, the County contends that because "there is affirmative testimony from Deputies Gaudino, Raya, and Lovitt that they did not . . . contemporaneously observe the assault as it was happening," testimony to the contrary should be precluded because those who might offer it "lack the requisite personal knowledge to testify regarding the attendant circumstances of the altercation." Def.'s Mot. Lim. No. 4, at 1. Specifically, the County points to anticipated testimony from various inmates including, but not limited to, Efrain Villeda, Melvin Haynes, Wydell Jefferson, and Johnny Elias. Of these four inmates, plaintiffs' Witness List includes only Villeda and Haynes. See dkt. 88. Accordingly, the Court's decision is limited to these inmates.

The County argues that Villeda stated in previous testimony that decedent was beaten in the view of Deputies Gaudino, Raya, and Lovitt, "yet he also stated that he did not actually see the physical alternation involving decedent." Def.'s Mot. Lim. No. 4, at 2. The only specific statement cited in support of the County's proposition is Villeda's response, during deposition, of, "No, sir," to the question, "Did you see any physical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

altercation?" Id. The County further avers that Haynes previously testified that he did not clearly see the altercation involving decedent and had trouble remembering certain specific details regarding what occurred. Id. at 2. Therefore, according to the County, testimony by Villeda or Haynes regarding whether or not the deputies witnessed the actual assault would necessarily lack foundation and be unduly prejudicial. Id. at 4-5.

    The Court notes that plaintiffs dispute the "affirmative testimony" from Deputies Gaudino, Raya, and Lovitt regarding whether they observed the underlying assault. See Opp'n Def.'s Mot. Lim No. 4. As a general matter, to the extent any inmates directly refute the deputies' assertions regarding whether the deputies observed the assault, such disagreement simply underscores the existence of a triable issue of fact to be resolved at trial. With respect to the limited portions of Villeda's and Haynes's previous testimony that the County cites, such previous testimony is insufficient to establish that the inmates would lack the foundation under Rules 602 and 701 to testify as to whether or not deputies Gaudino, Raya, and/or Lovitt witnessed the assault on decedent. At this time, therefore, the Court declines to preclude inmates Villeda or Haynes from testifying at trial regarding whether or not Deputies Gaudino, Raya, and Lovitt personally witnessed the assault. Of course, should any such testimony be offered at trial, it must not lack a proper foundation, Fed. R. Evid. 602, 701, and must not be based upon inadmissible hearsay, Fed. R. Evid. 801, 802. Furthermore, to the extent any future testimony directly contradicts the inmates' previous testimony, this is a matter for cross examination, as discussed supra.

    In light of the foregoing, the Court **DENIES** defendant's motion without prejudice to being renewed at trial.

## III. CONCLUSION

    In accordance with the foregoing, the Court concludes as follows:

        Plaintiffs' motion in *limine* no. 1 to exclude evidence regarding decedent's alleged gang affiliations is **GRANTED;**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-07570-CAS(MANx) | Date | August 24, 2015 |
| Title | JAIME A. MORENO ET AL. V. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. | | |

Defendant's motion *in limine* no. 1 to preclude inmate eye witness testimony is **DENIED** without prejudice**;**

Defendant's motion *in limine* no. 2 to preclude improper medical opinion and causation testimony by lay witnesses is **DENIED** without prejudice

Defendant's motion *in limine* no. 3 to preclude evidence of unrelated claims or lawsuits against defendant is **GRANTED** as to the first phase of the trial. The Court **RESERVES judgment** on the admissibility of such evidence in the Monell phase.

Defendant's motion *in limine* no. 4 to preclude testimony that deputies John Gaudino, Christopher Raya, and Timothy Lovitt personally witnessed the subject assault on decedent is **DENIED** without prejudice.

The trial is advanced to **September 9, 2015** at **9:30 A.M.**

IT IS SO ORDERED.

|  |  |
|---|---|
|  | 00  :  19 |
| Initials of Preparer | CMJ |